UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MICHAEL C. LEBLANC**          **CIVIL ACTION NO. 21-0083**

**VS.**                          **SECTION P**

                                **JUDGE TERRY A. DOUGHTY**

**WARDEN ANDERSON, ET AL.**     **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT AND RECOMMENDATION**

Plaintiff Michael C. LeBlanc, a prisoner at Madison Parish Correctional Center ("MPCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately January 12, 2021, under 42 U.S.C. § 1983. He names the following defendants: Warden Anderson, Major Farmer, and Major Chase.[1]

**Background**

Plaintiff claims that his living quarters have remained illuminated approximately twenty-two hours each day for two years. [doc. #s 1, p. 3; 12, p. 1]. There are "nearly 48 lights over [his] living quarters with two light bulbs inside each . . . ." [doc. # 12, p. 1]. He alleges that defendants make and enforce rules and policies at MPCC, but they "do not enforce a lights out policy for all officials to follow." [doc. # 1, p. 3].

Plaintiff suggests that the lighting gives him headaches, hurts his eyes, and causes him psychological harm. [doc. # 12, p. 1]. He suggests that he loses sleep, alleging, "barely any rest for the mind, to restore for proper activities mentally, physically, and spiritually . . . ." *Id.* He also suggests that the lighting combined with a lack of sunshine from inadequate time outdoors

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

exacerbates his headaches and eye harm. *Id.* He is only permitted outside approximately fifteen times each year. *Id.*

Plaintiff asks the Court to order defendants to "enforce a set time to" dim and illuminate the lights. *Id.* at 4. He also seeks monetary relief for his mental anguish and "pain and suffering." [doc. #s 1, p. 4; 12, p. 1].

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Conditions of Confinement

"While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of "the minimal civilized measure of life's necessities."[3] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from

---

[3] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

4

which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer*, 511 U.S. at 837.

"*Some* conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (internal quotation marks and quoted source omitted).[4] However, "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Here, assuming Plaintiff alleged a sufficiently serious deprivation of sleep,[5] darkness, sunlight, or mental or physical health, he does not plausibly allege that defendants knew of and disregarded an excessive risk to his health or safety. He alleges (1) that defendants "make, set, and enforce" the continuous lighting policy and (2) that defendants only allow him outside fifteen times each year; however, he does not plausibly allege that defendants knew he is or was exposed to a substantial risk of serious harm. In other words, defendants allegedly know of the

---

[4] "Such things as food, sleep, clothing, shelter, medical attention, reasonable safety, sleep, and exercise have been recognized by courts as basic physical human needs subject to deprivation by conditions of confinement." *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 678 (M.D. La. 2007) (citing cases).

[5] *See Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) ("**Error! Main Document Only.**[S]leep undoubtedly counts as one of life's basic needs."); *Garrett v. Thaler*, 560 F. App'x 375, 379 (5th Cir. 2014) ("[T]he sleep deprivation he has alleged could plausibly constitute a denial of 'the minimal civilized measure of life's necessities' sufficient to satisfy the objective component of the Eighth Amendment inquiry.").

lighting condition and Plaintiff's scarce time outside, but there is no allegation that they knew the risk of harm that these conditions posed to Plaintiff.

Plaintiff also alleges that "it is known" that anyone exposed to near-continuous lighting will suffer harm. By this allegation, however, Plaintiff suggests that defendants were negligent, essentially maintaining that they *should have* known of the harm he has allegedly suffered. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).[6]

Moreover, Plaintiff does not allege that he informed any defendant that the lighting policy exposed him to a substantial risk of serious harm.[7] At best, he alleges the following:

   ° "Each request stated would be ignored by officials in regards to amendments . . ."

---

[6] "[A] prison official who was unaware of a substantial risk of harm to an inmate" may not "be held liable under the Eighth Amendment if the risk was obvious and a reasonable prison official would have noticed it." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). That said, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Here, considering the holding in *Chavarria v. Stacks*, 102 F. App'x 433, 436 (5th Cir. 2004), that a "policy of constant illumination [was] reasonably related to the legitimate penological interest of guard security[,]" it is not plausible that a substantial risk of serious harm from near-continuous lighting was so obvious that defendants must have known of it. *See id.* ("Because the policy of 24–hour illumination does not violate the Eighth Amendment, Chavarria's complaint about the policy is based upon an indisputably meritless legal theory."); *see also id.*, Reavley, J. concurring ("But with deference to those who are concerned about Mr. Chavarria's illuminated cell, I regard this judicial attention as much ado about nothing. A little cloth over his eyes would solve the problem, negate deprivation, and escape this exercise in frivolity."); *Atkinson v. Johnson*, 74 F. App'x 365, 367 (5th Cir. 2003) (finding that "Atkinson failed to show that any substantial risk of harm to him resulting from implementation of" a policy of opening and closing cell doors at night "was obvious.").

[7] *C.f. Garrett v. Thaler*, 560 F. App'x 375, 380 (5th Cir. 2014) ("Garrett testified that he repeatedly complained to the prison medical staff about the sleep deprivation resulting from the schedule and was told the schedule was a security issue. Prison officials' failure to change the schedule or otherwise 'respond reasonably to risk,' despite their knowledge of the harm that could result from the sleep deprivation, could plausibly give rise to a finding of deliberate indifference.").

6

> ° "Given notice defendants' pose a knowledge to see the books well kept on staff actions here, at the housen [sic] department making policy unbalance within the scope of possibilities for harm . . . ."

[doc. # 12, pp. 1-2]. Even construed liberally and in his favor, these conclusory, opaque allegations do not plausibly reveal that Plaintiff informed defendants of a substantial risk of serious harm.

Finally, Plaintiff alleges that he filed an administrative grievance based on the same facts which form the basis of this proceeding, but he does not disclose the content of his grievance, allege that he directed his grievance to defendants, or allege that defendants received and reviewed his grievance. [doc. # 1, p. 2].

In sum, he has not alleged facts that show defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they drew such an inference. The undersigned is sympathetic to Plaintiff's alleged plight, but Plaintiff does not plausibly allege the type of "'cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help'" that the Fifth Circuit has "recognized as necessary to constitute deliberate indifference." *See Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014). Without such allegations, Plaintiff cannot proceed.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Michael C. LeBlanc's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 18th day of May, 2021.

Kayla Dye McClusky
United States Magistrate Judge